UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| D.L.M. MECHANICAL, INC., | : |
| Plaintiff, | : |
| v. | : No. 3:06cv1748(WWE) |
| KONOVER CONSTRUCTION CORP. | : |
| Defendant. | : |

## Ruling on Motion for Summary Judgment

This case concerns subcontracts for mechanical work between plaintiff D.L.M. Mechanical ("DLM") and defendant Konover Construction Corporation ("KCC"). Plaintiff alleges breach of contract, breach of the Connecticut Commercial Construction Contracts Payment Act, breach of the Connecticut Public Prompt Payment Act, breach of the Pennsylvania Contractor and Subcontractor Payment Act, and quantum meruit. On February 1, 2007, defendant filed a motion to dismiss and/or to transfer. On April 10, 2007, the Court converted defendant's motion into a motion for summary judgment. For the following reasons, the converted motion for summary judgment will be granted.

## FACTUAL BACKGROUND

In response to the notice of the Court's conversion of the motion to dismiss into a motion for summary judgment, the parties have filed supplemental briefs and affidavits. Based on the pleadings and evidentiary materials, the Court finds that the following facts are not in dispute.

1

DLM entered into separate contracts with KCC for mechanical work at five projects related to Filene's, Shoppers Food Warehouse, Lowe's, Bradley International Airport, and Wal-Mart.  DLM alleges that KCC has not paid it fully for work that has been accepted and approved on the Filene's, Shoppers Food Warehouse, Lowe's and Bradley International Airport projects.  Plaintiff alleges further that it spent money on securing permits and issued purchase orders related to the Wal-Mart project, and that KCC wrongfully terminated the contract without making any payment.

Each of the five contracts provided that all suits "must be commenced within one year of the date Subcontractor substantially completes its work, otherwise the claim will be deemed to have been waived."

DLM had substantially completed its work under the relevant contracts by February 28, 2005.

In November 2005, DLM's former counsel entered into settlement negotiations with KCC's general counsel, Robert Dunn, in an attempt to resolve the outstanding amounts due.  The parties did not enter into any formal tolling agreement, and a settlement was never reached.

This action was commenced on November 1, 2006.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849

(1991). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

DLM admits that the contractual limitations period expired at least eight and a half months prior to its commencement of this action. However, DLM aruges that defendant should be equitably estopped from asserting the contractual limitations of this action due to the settlement negotiations.

Estoppel requires proof of two essential elements: 1) the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and 2) the other party must change its position in reliance on those facts, thereby incurring some injury. Union Carbide Corp. v. City of Danbury, 257 Conn. 865, 873 (2001). The party claiming an estoppel must show an exercise of due diligence and the lack of a reasonable ability to acquire knowledge as to the actual circumstances. Lawrence v. Wilder Richman Securities Corp., 359 F.Supp.2d 161, 172 (D.Conn. 2005).

In this instance, DLM has raised no inference that Konover's conduct induced a belief that the contractual limitations period would be tolled pending negotiations, that it relied on any representation made by Konover, or that it could not have been aware of the contractual limitations period. Negotiations to settle the suit do not equitably estop a defendant from raising a limitations defense, especially where plaintiff had sufficient time to institute a timely action. Krupa v. Kelley, 245 A.2d 886, 889 (Conn.Cir. 1968). Accordingly, the contractual limitations provision bars this action. Summary judgment will be granted in defendant's favor.

## **CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss [Docs. # 7 & 15] as converted into a motion for summary judgment is hereby GRANTED. The clerk is instructed to close this case.

DATED this __22d__ day of May, 2007 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE